OPINION
Defendant-appellant Carlton B. Allen appeals from his classification as a sexual predator. He contends that the evidence in the record does not support the finding, and that the trial court failed to comply with its duty, pursuant to State v. Eppinger (2001), 91 Ohio St.3d 158, and Statev. Marshall (November 16, 2001), Montgomery App. No. 18587, to discuss on the record the particular evidence and factors upon which it relied in making the sexual predator finding.
The State contends that because the disposition in the trial court preceded our holding in State v. Marshall, supra, that holding does not apply to this case. We disagree. There is nothing in State v. Marshall,
supra, to suggest that that decision is intended to have prospective effect, only.
Following State v. Marshall, supra, we conclude that it is premature to address Allen's claim that his sexual predator designation is not supported by the evidence. His classification is Reversed, and this cause is Remanded in order that the trial court may comply with its duty under Eppinger and Marshall.
 I
In 2001, Allen was indicted on ten felony counts. He ultimately entered into a plea bargain, whereby he pled guilty to one count of Aggravated Robbery, with a firearm specification, two counts of Rape by Force, and one count of Kidnapping. Allen was sentenced to a total term of 30 years in prison, and was classified as a sexual predator. Allen appeals from his classification as a sexual predator.
 II
Allen's Second Assignment of Error is as follows:
 THE TRIAL COURT FAILED TO COMPLY WITH THE "MODEL PROCEDURE" SET FORTH IN EPPINGER AND INCORPORATED BY THE SECOND DISTRICT COURT OF APPEALS IN MARSHALL.
In State v. Eppinger, supra, the Ohio Supreme Court identified "model procedure" that should be followed by a trial court in making a sexual offender classification. Among other things, this procedure requires that the trial court discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. Eppinger, supra, at 91 Ohio St.3d 166.
In State v. Weaver (July 13, 2001), Montgomery App. No. 18532, an opinion authored by the author of this opinion, we held that the "model procedure" articulated in State v. Eppinger, supra, was merely a model procedure, and the failure to comply with that procedure did not necessarily constitute reversible error. However, in State v. Marshall
(November 16, 2001), Montgomery App. No. 18587, an opinion in which the author of this opinion did not participate, we overruled our holding inState v. Weaver, supra. Specifically, we said: "To the extent thatWeaver conflicts with our decision today, the judges of this District have agreed that Weaver will have no further precedential effect." Although the author of Weaver and this opinion continues in his perverse belief that Weaver was correctly decided, it is clear that this court has overruled Weaver, and that Marshall, supra, is now the "controlling authority" in this district. See, Rule 4 of the Rules for Reporting of Opinions, effective May 1, 2002.
The State argues that the trial court did state its reasons on the record for finding Allen to be a sexual predator. We disagree. The trial court took pains to set forth its reasons and findings in support of its decision to impose maximum sentences, and also in support of its decision to impose consecutive sentences. However, the trial court's finding that Allen is a sexual predator was stated in conclusory terms, both orally at the conclusion of the hearing, and in the termination entry. There is no recitation by the trial court of its reasons for finding Allen to be a sexual predator.
The State alternatively argues that the requirement that the trial court "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism" does not apply to this case, because State v. Marshall,
supra, had not been decided when the trial court made its sexual offender determination. We reject this argument. There is nothing in State v.Marshall, supra, to suggest that the holding in that case was intended to have prospective effect, only. To the contrary, in State v. Marshall, we were construing the holding of the Ohio Supreme Court in State v.Eppinger, supra, which was decided before Allen's sexual offender classification hearing.
Allen's Second Assignment of Error is sustained.
 III
Allen's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN DESIGNATING APPELLANT A SEXUAL PREDATOR AS THE STATE FAILED TO INTRODUCE CLEAR AND CONVINCING EVIDENCE TO SUPPORT SAID DESIGNATION.
In State v. Marshall, supra, we were also confronted with arguments concerning the sufficiency and weight of the evidence supporting the classification. We concluded that it was premature to decide those issues:
 Further, because this case is being reversed and remanded for further hearing, the issues of sufficiency and weight of the evidence are premature and will not be considered.
As in State v. Marshall, supra, we cannot rule out the possibility that the trial court, in the case before us, may elect to consider additional evidence before fulfilling its duty to discuss, on the record, its reason for making its sexual offender classification finding, although the trial court is not obliged to consider additional evidence. Accordingly, we likewise conclude, in this case, that it is premature to address Allen's arguments concerning the sufficiency and weight of the evidence.
 IV
Allen's Second Assignment of Error having been sustained, and this court concluding that it is premature to address his First Assignment of Error, the order of the trial court classifying Allen as a sexual predator is Reversed, and this cause is Remanded for reconsideration of Allen's sexual offender classification.
WOLFF, P.J., and YOUNG, J., concur.